PER CURIAM.
This case arises out of post-judgment proceedings in a dissolution case which was terminated in 1969. A receivership was ordered to be terminated in 1974 but for one reason or another final order of termination and distribution was not entered until 1991. In between that time the assigned judge and the ex-husband have both died.
We have carefully reviewed the issues raised by all parties on appeal in light of the record submitted to us, which is only a portion of the 25 volume court file. After a lengthy hearing in 1984 regarding appellant’s objections to the termination of the receivership and demand for an accounting, the trial court overruled the objections and found that the receiver had acted properly throughout the proceedings. This order was not entered until 1991, seven years after the hearing. Without a further record, we cannot find that the trial court abused its discretion in its rulings with respect to the matters contained therein.
These proceedings have lasted over a quarter of a century. There have been innumerable proceedings in the trial court, consuming large amounts of judicial and lawyer time, including three appeals to this court. Enough is enough! It is time to end this matter once and for all. We therefore affirm as to all issues except for that portion of paragraphs 4 and 9 of the order on appeal which permit either party to file or have heard further claims and objections. Any such claims and objections are stale, and each party is guilty of laches in failing to bring them back before the court in a timely fashion. While court dockets are crowded, it does not take fifteen years to secure hearings or even trials on issues. To allow further proceedings would only exhaust the remaining funds held by the receiver to neither party’s benefit. On remand, we direct that the remaining funds held by the receiver be divided 50/50 between the parties after the payment of the fees and expenses of the receivership as set forth in the order on appeal as well as any fees granted to the receiver as a result of this appeal.
GLICKSTEIN, C.J., and WARNER and FARMER, JJ., concur.